**1099 NEW YORK AVENUE, NW SUITE 900 WASHINGTON, DC 20001-4412**

# JENNER&BLOCK LLP

Zachary C. Schauf
Tel +1 202 639 6025
ZSchauf@jenner.com

January 10, 2025

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Re:     FRAP 28(j) Letter in *Pacific Gas and Electric Company, et al. v. FERC*, Nos. 24-2527, 24-3786

Dear Ms. Dwyer:

Petitioners Pacific Gas and Electric Company ("PG&E"), Southern California Edison Company ("SCE") and San Diego Gas & Electric Company ("SDG&E") file this notice of supplemental authority to advise the Court of a recent order of the Federal Energy Regulatory Commission ("FERC"). This order rejects SDG&E's request for an adder for its participation in the California Independent System Operator ("CAISO") based on AB 209—the same California law on which FERC relied in denying PG&E's adder here. *Order Rejecting in Part, and Accepting and Suspending in Part, Proposed Formula Rate Filing, and Establishing Hearing and Settlement Judge Procedures*, 189 FERC ¶ 61,248 (Dec. 31, 2024) ("SDG&E Order") (attached as Ex. A).

FERC initially denied PG&E's request on the theory that PG&E's CAISO membership was involuntary because PG&E could not "unilaterally withdraw" without approval from the California Public Utilities Commission ("CPUC"). ER-50-51 (PG&E Initial Order ¶¶ 39, 42). The Commission, however, abandoned that reasoning on rehearing and before this Court. It instead argued that AB 209 precludes Petitioners from ever withdrawing from CAISO, even with CPUC approval. ER-19-20 (PG&E Rehearing Order ¶ 37) (disagreeing that "entities subject to [AB 209], such as PG&E, may end their participation in CAISO subject to approval from CPUC," and "clarify[ing]" its prior discussion "[t]o the extent the [initial order] may be construed otherwise"); *accord* FERC Br. 27, 40-43 & n.11; Petrs' Opening Br. 26, 28-29; Petrs' Reply Br. 5.

In the SDG&E Order, FERC without explanation reverts to the reasoning of its PG&E initial order, concluding that SDG&E's membership is involuntary because it cannot "unilaterally withdraw" without CPUC approval. SDG&E Order ¶ 37 (stating California's law "requires that electrical corporations such as SDG&E[] participate in CAISO, and may not withdraw from CAISO *without CPUC approval*"); *id.* ¶ 40 (concluding SDG&E's CAISO participation is "no

January 10, 2025
Page 2

longer voluntary" because SDG&E "cannot *unilaterally withdraw* from CAISO"). FERC does not acknowledge its later abandonment of this reasoning or explain its reversion. Both of FERC's theories are wrong, Petrs' Opening Br. 31-42; Reply Br. 5-14, and FERC's continued vacillations only underscore the arbitrary nature of its decision here.

Sincerely,

/s/ *Zachary C. Schauf*
Zachary C. Schauf
Jenner & Block LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
202-639-6025
ZSchauf@jenner.com

*Counsel for Petitioners*
*Pacific Gas and Electric Company,*
cc: All counsel of record via CM/ECF    *Southern California Edison Company, and*
*San Diego Gas & Electric Company*